INHABITANTS OF EXETER vs. INHABITANTS OF STETSON.   | 89   531 |
                                                     | 106  245 |

Penobscot.   Opinion February 9, 1897.

*Pauper.   Emancipation.   R. S., c. 24.*

An emancipated minor cannot acquire a pauper settlement in a town by having his home therein for five successive years.

If the eight different modes of acquiring a settlement prescribed in § 1, c. 24, R. S., are carefully distinguished, all of the decisions, as well as the general expressions of the court touching this subject, will become easily reconcilable and no further occasion for doubt or confusion in regard to it will be found to exist.

In the sixth paragraph of that section it is only "a person *of age*" who can acquire a settlement in the mode there described. A person who is not of age is excluded from the operation of this clause, while in paragraphs 4, 7, and 8 the term "person" may include minors.

*North Yarmouth* v. *Portland*, 73 Maine, 108; *Brooksville* v. *Bucksport,* Id. 111, affirmed.

ON EXCEPTIONS BY PLAINTIFF.

This was an action to recover for pauper supplies, being for the board of a minor duly committed to the reform school. No question was raised about the payment for the supplies and the necessity for the same or proper notices from the reform school and notices and denials between the parties.

It was admitted that the pauper is an illegitimate son of its mother, who had a derivative settlement in the town of Plymouth, unless she acquired a settlement in her own right in Stetson upon the facts hereinafter stated; that she became emancipated by a supposed marriage when eighteen years of age, said supposed marriage not being lawful because the man to whom she was supposed to have been married then had a lawful wife living. Said supposed marriage was with the consent and approval of her mother, then her only surviving parent. Immediately after said supposed marriage the mother of the pauper moved into the town of Stetson and there resided with her supposed husband for more than five consecutive years, a part of which time was during her minority, to wit: three years; and a part after she became of age, to wit: four years, all with the approval of her mother.

The only question presented was, whether an emancipated minor can gain a pauper settlement in her own right by a continuous residence of five consecutive years, a part of which time was during such minority as aforesaid.

The presiding justice was of opinion that she could not and therefore directed a verdict for the defendant. To this ruling, that an emancipated minor cannot gain a settlement in her own right as above stated, the plaintiff excepted.

*J. and J. W. Crosby*, for plaintiff.

*F. J. Martin and W. S. Townsend*, for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J. The mother of the pauper whose settlement is brought in question in this action, at the age of eighteen years contracted marriage with one who at that time had a prior wife living, and thereafter the parties lived together as husband and wife for seven consecutive years in the defendant town. This marriage being illegal by reason of the existence of the former wife, the pauper must be deemed illegitimate and under our statutes have the settlement of his mother at the time of his birth. R. S., c. 24, § 1, par. III. Thereupon, it is contended in an elaborate argument for the plaintiffs that the pauper's mother became emancipated at her supposed marriage and by a continuous residence thereafter of more than five years in the defendant town, acquired a settlement therein in her own right under the sixth mode of acquisition described in section one of chapter 24 of the revised statutes. This mode is as follows:—" A person of age, having his home in a town for five successive years, without receiving supplies as a pauper, directly or indirectly, has a settlement therein." The plaintiffs insist that the mother had a settlement in the defendant town at the time of the pauper's birth.

It has been seen, however, that the mother was but eighteen years of age when she removed to the defendant town, and that her residence there after she attained her majority, was less than

five years. Unless by reason of her emancipation she could be deemed "a person of age" under the sixth mode above stated, before she was twenty-one years old, she could not begin to acquire a settlement by this mode, until she actually ceased to be a minor.

The only question presented for the determination of the court, therefore, is whether the pauper's mother could gain a pauper settlement in her own right by a residence of five consecutive years in the defendant town, of which one year, at least, was during her minority. The presiding justice ruled that she could not, and ordered a verdict for the defendants; to which ruling the plaintiffs excepted.

The just and poetic tribute to the sanctity of motherhood and the strength of parental affection, which gives such a literary charm to the argument of the learned counsel for the plaintiffs, would almost persuade us that the law ought to be in harmony with his contention; but it cannot be permitted to blind our eyes to the plain and unambiguous language of the statute and the repeated decisions of this court already announced.

The ruling of the presiding justice was undoubtedly correct. The question is res judicata in this court. It was directly involved and distinctly determined in *Veazie* v. *Machias*, 49 Maine, 105, and later in *North Yarmouth* v. *Portland*, 73 Maine, 108, and *Brooksville* v. *Bucksport*, Id. 111; and if the eight different modes of acquiring a settlement prescribed in section one of chapter 24, R. S., are carefully distinguished, all of the decisions, as well as the general expressions of the court touching this subject, will become easily reconcilable, and no further occasion for doubt or confusion in regard to it will be found to exist.

It has been seen that in the sixth paragraph of section one, it is only "a person *of age*" who can acquire a settlement in the mode there described. A person who is not "of age" is excluded from the operation of this clause; while in paragraphs four, seven and eight the term "person" may include minors.

In the language of the chief justice in *Brooksville* v. *Bucksport*, supra: "It has frequently been said, speaking generally, that a minor who has been emancipated may acquire a legal settlement in his own right, and the statement without qualification is mis-

leading. He may acquire a settlement in his own right under certain modes and conditions, but not in all the modes prescribed by statute for acquiring settlements, and not by residing in a town continuously for five years."

*Exceptions overruled.*